UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| GERALD M. OTREMBA and<br>JULIE M. OTREMBA,<br><br>Plaintiffs,<br><br>v.<br><br>CITIMORTGAGE, INC. and FEDERAL<br>HOME LOAN MORTGAGE<br>CORPORATION,<br><br>Defendants. | Civil No. 13-871 (JRT/JJG)<br><br>**MEMORANDUM OPINION<br>AND ORDER ON<br>MOTION TO DISMISS** |

Michael J. Wang, **DREWES LAW, PLLC**, 1516 West Lake Street, Suite 300, Minneapolis, MN 55408, for plaintiffs.

Gerald G. Workinger, Jr., **USSET, WEINGARDEN & LIEBO, PLLP**, 4500 Park Glen Road, Suite 300, Minneapolis, MN 55416, for defendants.

Plaintiffs Gerald M. Otremba and Julie M. Otremba bring this action against Defendants CitiMortgage, Inc. ("CitiMortgage") and Federal Home Loan Mortgage Corporation ("Freddie Mac"), alleging that the foreclosure sale of their home was invalid. Plaintiffs claim that CitiMortgage violated Minn. Stat. § 580.05 because it commenced the foreclosure process prior to executing the required power of attorney; Minn. Stat. § 580.03 because it published notice of the foreclosure in a newspaper that did not provide sufficient notice to the affected area; and Minn. Stat. § 580.07 because it did not send notice of the sale's postponement to the occupants by first class mail. Plaintiffs further claim that they are entitled to have title quieted in their name because the

foreclosure sale was invalid; and that Defendants committed slander of title because they published documents indicating that the foreclosure was valid when they should have known that they had violated Minn. Stat. § 580.05. Defendants move to dismiss all of Plaintiffs' claims.

Because the Court concludes that CitiMortgage complied with Minn. Stat. § 580.05 by recording the required power of attorney prior to the foreclosure sale, the Court will grant Defendants' motion to dismiss Plaintiffs' claim under Section 580.05 and Plaintiffs' slander of title claim, and dismiss those claims with prejudice. The Court will also grant Defendants' motion to dismiss Plaintiffs' claims under Minn. Stat. § 580.03 and Minn. Stat. § 580.07 because Plaintiffs have not pled sufficient facts to support their allegations. The Court will dismiss the claims under Section 580.03 and Section 580.07, as well as the quiet title claim, without prejudice because Plaintiffs may be able to more adequately support their claims with additional factual allegations.

## BACKGROUND

The present action involves a home located in Elko, MN, which Plaintiffs occupied as their residence at the time they filed the complaint. (Notice of Removal, Ex. 1 ("Compl.") ¶¶ 1-2, Apr. 15, 2013, Docket No. 1.) Plaintiffs originally granted a mortgage in the amount of $353,000.00 to Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee and nominee for Bell America Mortgage LLC, the initial lender. (Decl. of Paul A. Weingarden, Ex. B, Apr. 22, 2013, Docket No. 6.) MERS

assigned the mortgage to CitiMortgage on December 14, 2011 and the assignment was recorded on January 17, 2012. (Compl. ¶ 3; Weingarden Decl., Ex. C.)

CitiMortgage appointed Usset, Weingarden & Liebo, PLLP ("UWL") as its attorney for foreclosures by executing a "Limited Power of Attorney" on December 21, 2009. (Weingarden Decl., Ex. D.) The Limited Power of Attorney was recorded on January 7, 2010. (*Id.*) Pursuant to the Limited Power of Attorney, CitiMortgage granted UWL the authority to perform "all lawful acts . . . it deems necessary . . . in connection with the management and disposition of the foreclosure of mortgages." (*Id.*)

UWL, acting on behalf of CitiMortgage, executed a Notice of Pendency to Foreclose Mortgage on January 12, 2012, and the document was recorded on January 17, 2012. (Compl. ¶ 11; Weingarden Decl., Ex. E.) The notice was published in the Belle Plaine Herald for six consecutive weeks, beginning on January 18, 2012. (Compl. ¶¶ 12, 18; Weingarden Decl., Ex. I.)

On February 1, 2012 CitiMortgage executed a document entitled Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ("Power of Attorney to Foreclose"), which related specifically to Plaintiffs' property. (Weingarden Decl., Ex. F.) The Power of Attorney to Foreclose gave UWL the power to foreclose Plaintiffs' mortgage by advertisement and to "do any and all other things necessary . . . for the due and lawful foreclosure" of Plaintiffs' mortgage. (*Id.*; *see also* Compl. ¶ 10.) The Power of Attorney to Foreclose was recorded on February 16, 2012. (Compl. ¶ 10.)

The foreclosure sale was originally scheduled for March 13, 2012 but was postponed to June 5, 2012. (*Id.* ¶¶ 4, 25.) Defendants contend that UWL sent notice of

the postponement by first class mail to plaintiffs on March 15, 2012, but Plaintiffs allege that the notice was not mailed. (Weingarden Decl., Ex. H; Compl. ¶ 26.) Notice of the postponement was published in the Belle Plaine Herald on March 21, 2012. (Weingarden Decl., Ex. I.) The sale occurred on June 5, 2012 and CitiMortgage purchased the property for $363,759.71. (*Id.*) The Sheriff's Certificate of Sale was recorded on June 6, 2012, and no one redeemed the property during the six month redemption period. (*Id.*) Freddie Mac now asserts an ownership interest in the property. (Compl. ¶ 6.)

## ANALYSIS

### I. STANDARD OF REVIEW

Reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the non-moving party. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). To survive a motion to dismiss, a complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, to avoid dismissal, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

short of the line between possibility and plausibility," and therefore must be dismissed. *Id.* (internal quotation marks omitted). In reviewing a motion to dismiss, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations and internal quotation marks omitted).

## II. MINN. STAT § 580.05 – POWER OF ATTORNEY

Plaintiffs claim that CitiMortgage failed to comply with Minn. Stat. § 580.05 because UWL published the Notice of Pendency to Foreclose Mortgage prior to execution of the Power of Attorney to Foreclose. The statute provides that:

> When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner as a conveyance, and **recorded prior to the sale** in the county where the foreclosure proceedings are had. If such attorney be employed on behalf of such mortgagee or assignee by an attorney in fact, the attorney's authority shall likewise be evidenced by recorded power.

Minn. Stat. § 580.05 (emphasis added).

The Court concludes that Defendants have complied with Minn. Stat. § 580.05. Defendants executed the Power of Attorney to Foreclose on February 1, 2012, and recorded it on February 16, 2012, prior to the sale on June 5, 2012. The only timing requirement contained in the statute is that the power of attorney be **recorded prior to the sale**, and that requirement is unquestionably satisfied in the present case.

Plaintiffs contend, however, that Minn. Stat. § 580.05 requires a foreclosing party to **execute** a power of attorney prior to taking **any** steps in the foreclosure process. In this case, UWL published the Notice of Pendency to Foreclose Mortgage on January 12, 2012, but the Power of Attorney to Foreclose was not executed until February 1, 2012. Despite the fact that Minn. Stat. § 580.05 does not, by its terms, include the requirement that Plaintiffs propose, Plaintiffs argue that the statute is ambiguous because it is silent as to when the power of attorney must be executed. Plaintiffs rely heavily on Minn. Stat. § 582.25, a statute of repose that immunizes foreclosures from certain challenges if the challenges are not made within one year of the expiration of the redemption period. In relevant part, the statute provides that:

> Every mortgage foreclosure sale by advertisement . . . is, after [one year after the expiration of the redemption period], hereby legalized and made valid . . . , as against . . . the following objections: (1) that the power of attorney, recorded or filed in the proper office provided for by section 580.05 . . . (e) was executed subsequent to the date of the printed notice of sale or subsequent to the date of the first publication of such notice.

Minn. Stat. § 582.25. Plaintiffs suggest that it would be superfluous for the legislature to enact a provision protecting foreclosures from a certain type of challenge if the challenge was not a ground for liability.

The Court acknowledges the general preference for avoiding interpretations that render statutory language superfluous. *See Mavco Inc. v. Eggink*, 739 N.W.2d 148, 155 (Minn. 2007). However, it would be inappropriate to use Minn. Stat. § 582.25 to inject additional substantive requirements into Minn. Stat. § 580.05 when such requirements are clearly absent from the latter provision. *See Connoy v. U.S. Bank N.A.*, Civ. No. 11-

2352, 2011 WL 6013001, at *3 n.6 (D. Minn. Dec. 1, 2011) (rejecting the argument that Minn. Stat. § 582.25 contains requirements that a foreclosing party must follow). Section 580.05 explicitly provides a timing requirement: the power of attorney must be **recorded prior to the sale**. The fact that the statute does not provide a requirement for when the power of attorney must be **executed** does not give the Court license to create such a requirement. Therefore, the Court will grant Defendants' motion to dismiss Plaintiffs' claim under Minn. Stat. § 580.05.[1]

The Court notes that neither party contends that the Limited Power of Attorney that was executed and recorded long before the instant foreclosure proceedings is sufficient, in itself, to comply with the statute. The power of attorney required by the first sentence of Section 580.05 "must describe the mortgage with reasonable certainty." *See Molde v. CitiMortgage, Inc.*, 781 N.W.2d 36, 40 (Minn. Ct. App. 2010) (internal quotation marks omitted). The Limited Power of Attorney made no reference to the property or mortgage at issue in this case. The Limited Power of Attorney did, however, give UWL authority to **initiate** the foreclosure proceedings. *See id.* at 38, 43.

---

[1] Although Plaintiffs' brief addresses Minn. Stat. § 580.02(3), which requires a foreclosing party to record all assignments of the mortgage before taking "the first step" in a foreclosure proceeding, *see Ruiz v. 1st Fidelity Loan Servicing, LLC*, 829 N.W.2d 53, 57-58 (Minn. 2013), Plaintiffs have not challenged the present foreclosure under Section 580.02(3), though they may do so in an amended complaint if they desire. To the extent that Plaintiffs argue that the date of the last assignment of the mortgage somehow creates a violation of Section 580.05, the Court finds that the argument fails.

### III.   MINN. STAT. §§ 580.03 and 331A.03 –NOTICE OF SALE

The Court must next determine whether Defendants complied with Minn. Stat. § 580.03 by publishing notice of the foreclosure in the Belle Plaine Herald. Minnesota Statute § 580.03 requires a foreclosing party to publish notice of the foreclosure for six weeks and Minn. Stat. § 331A.03, subd. 1, specifies that such public notice must be published in a "qualified newspaper . . . that is likely to give notice in the affected area or to whom it is directed." A "qualified newspaper" is one that meets various requirements regarding form, content, and frequency of distribution, and is "circulated in the political subdivision which it purports to serve." Minn. Stat. § 331A.02, subd. 1. "Political subdivision" is defined as "a county, municipality, school district, or any other local political subdivision or local or area district, commission, board, or authority." Minn. Stat. § 331A.01, subd. 3.

The Secretary of State maintains a list of newspapers that meet the technical qualification requirements and the Belle Plaine Herald is on the list. *See* http://www.sos.state.mn.us/index.aspx?page=98. Belle Plaine is in Scott County (which contains Elko), and Elko does not have a newspaper that appears on the Secretary of State's list. *See id.* However, the Belle Plaine Herald is one of several qualified newspapers in Scott County.

As an initial matter, the Court concludes that a foreclosing party does not necessarily comply with Minn. Stat. § 580.03 simply by publishing notice of the foreclosure in a qualified newspaper that is based in the county where the home is located. *See Furlow v. HSBC Bank USA*, No. 55-cv-11-928, slip op. at *5-6 (Minn. 3d

### III.   MINN. STAT. §§ 580.03 and 331A.03 –NOTICE OF SALE

The Court must next determine whether Defendants complied with Minn. Stat. § 580.03 by publishing notice of the foreclosure in the Belle Plaine Herald. Minnesota Statute § 580.03 requires a foreclosing party to publish notice of the foreclosure for six weeks and Minn. Stat. § 331A.03, subd. 1, specifies that such public notice must be published in a "qualified newspaper . . . that is likely to give notice in the affected area or to whom it is directed." A "qualified newspaper" is one that meets various requirements regarding form, content, and frequency of distribution, and is "circulated in the political subdivision which it purports to serve." Minn. Stat. § 331A.02, subd. 1. "Political subdivision" is defined as "a county, municipality, school district, or any other local political subdivision or local or area district, commission, board, or authority." Minn. Stat. § 331A.01, subd. 3.

The Secretary of State maintains a list of newspapers that meet the technical qualification requirements and the Belle Plaine Herald is on the list. *See* http://www.sos.state.mn.us/index.aspx?page=98. Belle Plaine is in Scott County (which contains Elko), and Elko does not have a newspaper that appears on the Secretary of State's list. *See id.* However, the Belle Plaine Herald is one of several qualified newspapers in Scott County.

As an initial matter, the Court concludes that a foreclosing party does not necessarily comply with Minn. Stat. § 580.03 simply by publishing notice of the foreclosure in a qualified newspaper that is based in the county where the home is located. *See Furlow v. HSBC Bank USA*, No. 55-cv-11-928, slip op. at *5-6 (Minn. 3d

Jud. Dist. June 7, 2011); *Pearson v. Wells Fargo Bank, N.A.*, No. 55-cv-11-3929, slip op. at *12 (Minn. 3d Jud. Dist. Sept. 1, 2011).[2] This fact alone does not definitively establish that the selected newspaper is "likely to give notice in the affected area or to whom it is directed." Minn. Stat. § 331A.03, subd. 1.

Plaintiffs allege that the Belle Plaine Herald "is not sufficiently circulated in Elko to make it a qualified newspaper to publish the notice" and that it "did not provide sufficient notice to the people and area affected by the sale." (Compl. ¶¶ 20-21.) If true, these allegations would amount to a violation of Minn. Stat. § 580.03 despite the fact that the Belle Plaine Herald is a qualified newspaper that is located within the county that contains Elko. However, the Court finds that Plaintiffs' allegations are no more than "a formulaic recitation of the elements," which are insufficient to state a claim. *Ashcroft*, 556 U.S. at 678; *see also Schulz v. Wells Fargo Bank, N.A.*, Civ. No. 12-2147, 2012 WL 6591457, at *2 (D. Minn. Dec. 18, 2012) ("The Stewartville Star is one of the listed qualified legal newspapers in Olmsted County. Rochester, where the mortgaged property is located, is also in Olmsted County. The Complaint contains no facts to support the bald allegation that the Stewartville Star was not an appropriate legal publication for the notice of foreclosure."). Although the Court acknowledges that there are limitations on the investigation Plaintiffs can undertake without the aid of discovery, the Court nonetheless finds that something more is needed than what Plaintiffs currently allege. The Court will therefore dismiss Plaintiffs' claim without prejudice and give Plaintiffs

---

[2] The unpublished Minnesota district court orders are available on the docket. (*See* Decl. of Michael J. Wang, Exs. A & B, May 13, 2013, Docket No. 11.)

the opportunity to strengthen their pleading with additional factual allegations to support their contention that publication in the Belle Plaine Herald is not likely to give sufficient notice in the present case.

## IV.     MINN. STAT. § 580.07 – NOTICE OF POSTPONEMENT

The Court must next determine whether Plaintiffs' have stated a claim that Defendants failed to comply with Minn. Stat. § 580.07. The statute provides that when a foreclosure sale is postponed, the foreclosing party must, among other things:

> (1) [P]ublish, only once, a notice of the postponement and the rescheduled date of the sale, if known, as soon as practicable, in the newspaper in which the notice under section 580.03 was published; and (2) send by first class mail to the occupant, postmarked within three business days of the postponed sale, notice (i) of the postponement; and (ii) if known, of the rescheduled date of the sale . . . .

Minn. Stat. § 580.07, subd. 1(a).

Much like their claim under Minn. Stat. § 580.03, Plaintiffs' claim under Minn. Stat. § 580.07 provides only bare-bones allegations. (*See* Compl. ¶ 26 (asserting that Defendants "did not send the Notice of Postponement . . . to [Plaintiffs] by first-class mail").)[3] Plaintiffs alleged that the notice was not sent, as opposed to alleging that it was not received, because Section 580.03 focuses on whether notice was sent as opposed to whether it was received. *See Artz v. Bank of Am., N.A.*, 883 F. Supp. 2d 792, 797

---

[3] The Complaint alleges that "Foreclosing Party initially scheduled the Sheriff's Sale for March 13, 2012 and [the sale] was later postponed until June 5, 2012," and that "Foreclosing Party did not send the Notice of Postponement required by Minn. Stat. § 580.07 to Homeowner by first-class mail after either postponement." (Compl. ¶¶ 25-26.) Plaintiffs' reference to multiple postponements appears to be accidental as there are no references to more than one postponement elsewhere in the complaint or the parties' briefs.

(D. Minn. 2012). However, absent any allegation as to why Plaintiffs believe that Defendants failed to mail the required notice, the Court finds that Plaintiffs' allegation is not sufficiently plausible to survive a motion to dismiss. *See Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir. 2013) ("[T]he plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation . . . .").

The Court recognizes that there is little a plaintiff can reasonably be expected to plead in order to state a claim that a letter was not mailed. *See Am. Boat Co., Inc. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005) ("In cases involving lack of notice, there is often little a party can do except swear he or she did not receive the communication."). But Plaintiffs have not even explicitly alleged that they did not receive the letter – or any other fact that supports their assertion the letter was not sent. The Court will therefore dismiss the claim without prejudice and give Plaintiffs the opportunity to support the claim with additional factual allegations.

## V. QUIET TITLE

Plaintiffs contend that they are entitled to have title quieted in their name if they establish that the sheriff's sale was invalid. Minnesota's quiet title statute provides that:

> Any person in possession of real property . . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively.

Minn. Stat. § 559.01. If Plaintiffs present a viable claim that the foreclosure was invalid due to a statutory violation, Plaintiffs may be able to proceed on their quiet title claim as

well.  *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1033 (8th Cir. 2012). However, at this stage, Plaintiffs have not presented a viable statutory claim.  Therefore, the Court will dismiss Plaintiffs' quiet title claim without prejudice.

## VI. SLANDER OF TITLE

Plaintiffs' final claim is for slander of title.  The elements of slander of title are (1) that there was a false statement concerning real property owned by the plaintiff, (2) that the false statement was published to others, (3) that the false statement was published maliciously, and (4) that the publication caused pecuniary loss in the form of special damages.  *Paidar v. Hughes*, 615 N.W.2d 276, 279-80 (Minn. 2000).  "The element of malice requires reckless disregard concerning the truth or falsity of a matter despite a high degree of awareness of probable falsity or entertaining doubts as to its truth."  *Brickner v. One Land Dev. Co.*, 742 N.W.2d 706, 711-12 (Minn. Ct. App. 2007) (internal quotation marks and alterations omitted).

Plaintiffs contend that the published record of the foreclosure contains false statements because the foreclosure was invalid.  The basis for Plaintiffs' allegation that Defendants acted with malice is that Defendants knew or should have known that they violated Minn. Stat. § 580.05 (the power of attorney statute).  (Compl. ¶ 40.)[4]  Because the Court concludes that Defendants did not violate Minn. Stat. § 580.05, Plaintiffs cannot successfully allege that Defendants acted maliciously in publishing a statement

---

[4] Plaintiffs confirmed at oral argument that the only basis for their slander of title claim was the purported violation relating to the Power of Attorney to Foreclose.

indicating that they had complied with that provision. Therefore, the Court will grant Defendants' motion to dismiss Plaintiffs' slander of title claim.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 3] is **GRANTED** as follows:

1. Plaintiffs' claim under Minn. Stat. § 580.05 (Count I) and Plaintiffs' claim for slander of title (Count V[5]) are **DISMISSED with prejudice**.

2. Plaintiffs' claims under Minn. Stat. § 580.03 (Count II) and Minn. Stat. § 580.07 (Count III) and Plaintiffs' quiet title claim (Count IV) are **DISMISSED without prejudice**.

3. Plaintiffs shall have thirty (30) days from the date of this Order to file an amended complaint addressing the noted shortcomings in their claims under Minn. Stat. § 580.03 (Count II) and Minn. Stat. § 580.07 (Count III), and the quiet title claim (Count IV).

4. If plaintiffs do not file an amended complaint within the specified time period, their Complaint will be dismissed with prejudice.

DATED: December 6, 2013            s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                     United States District Judge

---

[5] Slander of title is labeled Count IV in the complaint, but it is the fifth count alleged.